In the Matter of **CHESTERFIELD DE-VELOPERS, INC.**, also known as Rose-lawn Park Estates and Lord Chester-field Homes, Debtor.

No. 67 B. 855.

United States District Court
S. D. New York.

June 18, 1968.

William J. Henry, New York City, for petitioner debtor-in-possession, Martin F. Brecker, New York City, of counsel.

Harold N. and Suzanne Cohen, New-burgh, N. Y., for respondent Atlantic Coast Aggregates Corp.

## OPINION

TENNEY, District Judge.

This Petition for Review of an order of a Bankruptcy Referee raises the interesting and complex question of whether a mechanic's lien filed subsequent to the filing of a petition for arrangement is valid against the debtor-in-possession. The Referee found the mechanic's lien to be superior to the right of the debtor-in-possession, and I agree with this conclusion. Accordingly, the Referee's decision is confirmed.

The petitioner is a debtor-in-possession in a pending arrangement proceeding under Chapter XI of the Bankruptcy Act. The respondent is a mechanic's lienor who, subsequent to the filing of the petition for arrangement, filed its mechanic's lien for materials and labor delivered and rendered prior to such petition. The filing of the lien was accomplished pursuant to Section 10 of the New York Lien Law, McKinney's Consol. Laws, c. 33, which allows such filing up to four months after completion of the contract or the completion of the performance of the work or the final furnishing of the material. There is no contention that the lienor filed improperly. The debtor-in-possession sought an order vacating the mechanic's lien, which request was denied.

The problem in the instant case arises as a result of the 1966 amendments to § 67 of the Bankruptcy Act, 11 U.S.C. § 107. Prior to these amendments, it was clear that a lien such as that in question would survive bankruptcy. See, e. g., New York-Brooklyn Fuel Corp. v. Fuller, 11 F.2d 802 (2d Cir. 1926); In re Caswell Constr. Co., 13 F.2d 667 (N.D. N.Y.1926); In re Cramond, 145 F. 966 (N.D.N.Y.1906).

Former § 67(b) of the Act, 11 U.S.C. § 107(b), provided *inter alia* that:

statutory liens in favor of * * * mechanics * * * created * * * by the laws * * * of any State, may be valid against the trustee * * *. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws * * *.

It is generally agreed that the 1966 amendment to § 67 was minor in nature, the provision concerning post-bankruptcy perfection being moved to § 67(c) (1) (B), 11 U.S.C. § 107(c) (1) (B), with some change in language. The policy of the section is not affected by the amendment. See King, Statutory Liens Under New § 67c of the Bankruptcy Act, 42 Ref.J. 11 (1968); Seligson, Treatment of Statutory Liens in Bankruptcy —The 1966 Amendments of Section 67b and c, 27 Fed.B.J. 111, 115 (1967); cf. Kennedy, The Bankruptcy Amendments of 1966, 41 Ref.J. 5, 8 (1967). See generally Statute Note, 45 Texas L.Rev. 374 (1966).

■ New § 67(c) (1) sets forth basic tests for validity of statutory liens.[1] Subdivision A invalidates *inter alia* as against the trustee statutory liens first becoming effective upon the debtor's insolvency. The purpose of this provision is to invalidate an attempt by a State statute to force a priority system upon a bankruptcy administration. See S.Rep. No. 1159, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News 1966, p. 2456. Subdivision C invalidates statutory liens for rent and any liens of distress for rent.

The most significant provision of § 67(c) (1) is contained in subdivision B, which states:

The following liens shall be invalid against the trustee:

* * * * * *

(B) every statutory lien which is not perfected or enforceable at the date of bankruptcy against one acquiring the rights of a bona fide purchaser from the debtor on that date, whether or not such purchaser exists: *Provided,* That where a statutory lien is not invalid at the date of bankruptcy against the trustee under subdivision c of section 70 of this Act [11 U.S.C. § 110(c)] and is required by applicable lien law to be perfected in order to be valid against a subsequent bona fide pur-

---

1. A statutory lien is defined in § 1(29a) of the Act, 11 U.S.C. § 1(29a), as "a lien arising solely by force of statute upon specified circumstances or conditions, but shall not include any lien provided by or dependent upon an agreement to give security, whether or not such lien is also provided by or is also dependent upon statute and whether or not the agreement or lien is made fully effective by statute."

chaser, such a lien may nevertheless be valid under this subdivision if perfected within the time permitted by and in accordance with the requirements of such law * * *.

■ The legislative history indicates that this provision is intended to invalidate statutory liens so tenuous in nature that they may be defeated by transfers to bona fide purchasers. In such case, "the holders of such liens have reason to know that their security is extremely vulnerable." S.Rep. No. 1159, 89th Cong., 2d Sess. (1966), U.S.Code & Admin.News 1966, p. 2461.

It has been stated that § 67(c) (1) (B) sets forth a "bona fide purchaser" test and/or a "judgment lien creditor" test, but the commentators appear more clear with respect to the mechanics of such test than to its appellation. Compare 4 Collier, Bankruptcy ¶ 67.281 [2.2], at 422 (14th ed. 1967), with King, Statutory Liens Under New § 67c of the Bankruptcy Act, supra at 12. Whichever test or combination of tests is used, it is my opinion that the mechanic's lien is valid.

■ Section 342 of the Bankruptcy Act, 11 U.S.C. § 742, provides that a debtor-in-possession shall exercise all the powers of a trustee. Under § 67(c) (1) (B), the trustee acquires the status of a hypothetical bona fide purchaser as of the date of the filing of the bankruptcy petition. 4 Collier, Bankruptcy, supra at ¶ 67.281 [2.2]. Accordingly, for this portion of the test, it is necessary to determine whether the subsequent filing of the notice of lien was sufficient to be enforceable against one acquiring the rights of a bona fide purchaser. The determination of this depends upon an analysis of the New York Lien Law. Ibid.

Section 3 of the Lien Law provides that the mechanic's lien on real property arises at "the time of filing a notice of such lien." Hence, the debtor-in-possession argues that since the petition was filed prior to the filing of the notice of lien, said lien would be invalid against a hypothetical bona fide purchaser at the date of filing the petition. However, § 13(5) of the Lien Law provides that:

No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed within four months from the recording of such conveyance, unless the instrument contains a covenant by the grantor that he will receive the consideration for such conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and that he will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

■ With respect to this provision, the debtor-in-possession argues that the trustee or one in the position of trustee is considered to be any kind of bona fide purchaser that local law would make superior to the statutory lienor. However, a proper reading of the statute and an exercise of the broad equity powers of the bankruptcy court would require me to reach a contrary conclusion. Under § 13(5) of the Lien Law, there may be two types of bona fide purchasers—those who received the property pursuant to a contract of conveyance containing the covenant required by that section and those receiving the property without such a covenant. If the covenant is not contained in the contract of conveyance, the lienor who has filed within four months of the recording of a conveyance must prevail because of the precise language of section 13. But assuming, now, the presence of the covenant, has not the hypothetical bona fide purchaser recognized the superiority of the lien to his purchase? It is true that § 13 also provides that a grantee shall not be responsible for the grantor's compliance with the trust fund covenant. However, where the grantor and the grantee are one and the same or alter-egos of each other, it would seem

highly inequitable to allow the fiction of the hypothetical bona fide purchaser to be used to defeat liens such as the instant one. Accordingly, I find that the subsequent filing of notice of the statutory lien was sufficient to be enforceable against a hypothetical bona fide purchaser· so as not to fall within the invalidating provision of § 67(c) (1) (B).

The Court now turns to a consideration of the judgment lien creditor test. The first proviso to § 67(c) (1) (B), which allows post-bankruptcy perfection of liens, further provides that in order to be enforceable the statutory lien must be valid at the date of bankruptcy against the trustee (or, as in this case, a debtor-in-possession) under § 70(c) of the Act, 11 U.S.C. § 110(c). Professor King indicates that this proviso merely re-enacts a portion of § 67(b) with one possible change not relevant hereto. See King, Statutory Liens Under New § 67c of the Bankruptcy Act, supra at 14. Section 70(c) of the Act confers upon the trustee as of the date of bankruptcy, the rights and powers of:

(1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists.

An examination of § 13 of the Lien Law indicates that the mechanic's lienor will have priority over any type creditor, unrecorded or recorded, after commencement and within four months of completion of improvements to the property except for the case where there is another mechanic's lienor. In such case, the liens will be on a parity. N.Y.Lien Law § 13(1).

■ Since I find that the lien is not invalid against the trustee as of the date of the filing of the petition, and the other prerequisites for validity have been complied with as hereinbefore set forth, I hold the lien in question valid as against the trustee pursuant to § 67(c) (1) (B).

■ One other point warrants mention. Petitioner argues that the purpose of the 1966 amendments was to change the law "drastically * * * by extending to mechanic's liens the disqualifying provisions of § 67c which previously applied only to liens on personalty." Brief for Petitioner at 7. To the contrary, it would appear that the legislative intent was to provide for greater validity of liens. As stated by Professor King, "under former § 67c, almost all statutory liens were effectively invalidated, except those that existed on real property. Under present § 67c * * * statutory liens, without reference to the type of property concerned, *will be mostly effective against the trustee.*" King, Post-Bankruptcy Perfection of Statutory Liens, 72 Com.L.J. 346, 347 (1967) (footnotes omitted and emphasis added).

■ In reaching the decision herein, I have kept in mind the broad equity powers of the bankruptcy courts. It is the opinion of this Court that Congress did not intend to change existing law as it related to mechanic's liens under the New York Lien Law. Indeed, requiring these lienors to file notices of their liens immediately after delivery in order to protect their interests would be most impractical. This is not the type of security interest that "is so tenuous that it can be defeated by transfer to a bona fide purchaser."

For the foregoing reasons, I find the Referee's decision to be correct and, accordingly, it is confirmed.

So ordered.