**In the Matter of J. R. NIEVES & CO., Inc., Debtor-Appellant.**
**No. 71–1087.**

United States Court of Appeals,
First Circuit.

June 16, 1971.

As Amended on Denial of Rehearing
July 27, 1971.

Wallace Gonzalez-Oliver, Robert M. Sweeting, and Gonzalez, Jr., Gonzalez-Oliver, Blanco-Lugo & Moran, San Juan, P. R., on brief for appellant.

Edward M. Borges, Antonio Gonzalez Geigel, and O'Neill & Borges, San Juan, P. R., on brief for appellees.

Before McENTEE and COFFIN, Circuit Judges, and BOWNES,* District Judge.

McENTEE, Circuit Judge.

In this case, the debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act and was allowed by the referee to remain in possession and act as its own trustee. 11 U.S.C. § 742; *see* In re Chesterfield Developers, Inc., 285 F.Supp. 689 (S.D.N.Y. 1968). The debtor had bought inventory from two creditors on open account and was in possession of the inventory on the date of bankruptcy. The debtor has never paid for the inventory. The creditors filed an "Application to Reclaim Property" on the grounds that they had a seller's lien on the inventory under Art. 1822 of the 1930 Civil Code of Puerto Rico, 31 L.P.R.A. § 5192. This article reads as follows:

> "With regard to specified personal property of the debtor, the following are preferred:
>
> 1. Credits for the construction, repair, preservation, or for the amount of sale of personal property *which may be in the possession of the debtor* to the extent of the value of the same." (Emphasis added.)

The sole issue on appeal is whether under Art. 1822 the two creditors are entitled to assert a seller's lien which is protected in bankruptcy. The referee held that Art. 1822 did not give rise to a lien in the creditors but was a mere local rule of priority invalid in bankruptcy. *See, e. g.*, Heirs of Garriga v. O'Meara & Co., 28 P.R.R. 332, 335 (1920). The district court reversed this decision and held that Art. 1822 established a statutory lien, 11 U.S.C. § 1(29a), valid against a trustee under 11 U.S.C. § 107(c) (1). Using somewhat different reasoning, the same result was reached in In re Trahan, 283 F.Supp. 620 (W.D. La.), aff'd on opinion below, 402 F.2d 796 (5th Cir. 1968), cert. denied sub nom. Bernard v. Beneficial Finance Co., 394 U.S. 930 (1969). This case involved Louisiana civil law statutes quite similar to those here.

* Sitting by designation.

The Bankruptcy Act

We assume for the purposes of this opinion, but do not decide, that the district court was correct in its conclusion that an Art. 1822 seller's lien is a statutory lien within the meaning of the Bankruptcy Act. *See generally* Comment, Statutory Liens Under Section 67c of the Bankruptcy Act: Some Problems of Definition, 43 Tulane L.Rev. 305, 310–318 (1969) (commentary on *Trahan*). To be valid against the trustee this lien must not fall within 11 U.S.C. § 107(c) (1), as amended in 1966. This subsection reads:

"The following liens shall be invalid against the trustee:

(A) every statutory lien which first becomes effective upon the insolvency of the debtor, or upon distribution or liquidation of his property, or upon execution against his property levied at the instance of one other than the lienor;

(B) every statutory lien which is not perfected or enforceable at the date of bankruptcy against one acquiring the rights of a bona fide purchaser from the debtor on that date, whether or not such purchaser exists: *Provided,* That where a statutory lien is not invalid at the date of bankruptcy against the trustee under subdivision (c) of section 110 of this title and is required by applicable lien law to be perfected in order to be valid against a subsequent bona fide purchaser, such a lien may nevertheless be valid under this subdivision if perfected within the time permitted by and in accordance with the requirements of such law: *And provided further,* That if applicable lien law requires a lien valid against the trustee under section 110(c) of this title to be perfected by the seizure of property,

it shall instead be perfected as permitted by this subdivision by filing notice thereof with the court; * * *"[1]

The Art. 1822 lien is not invalidated against the trustee by § 107(c) (1) (A). It is not the type of lien that arises on insolvency only. *See* Puerto Rico Bedding Mfg. Corp. v. Herger, 91 P.R.R. 503 (1964). Nor does it fall under any of the other invalidating provisions of 11 U.S.C. § 107(c) (1) (A).

With reference to § 107(c) (1) (B), the district court ruled:

"Finally [the lien] is not invalid as against bona fide purchasers. Under Puerto Rico law a purchase is treated as consummated upon delivery, *see* Capó v. Santiago A. Panzardi & Co., 1932, 44 P.R.R. 225; at that time the lien given by § 1822 ends by its own terms, but until that point the statute expressly preserves it against a bona fide purchaser. *Cf.* In re Trahan, ante."

The district court assumed that the only critical time for analysis is the date of bankruptcy, viewing it as the date on which the lien is enforced. Under this view, if a bona fide purchaser has not taken possession of goods before enforcement of the lien, it is valid; on the contrary, and by definition, if a bona fide purchaser has taken possession, there is no lien at all. Hence, if there is a lien, it is valid against a bona fide purchaser.

Our problem with this reasoning is that we think the law requires a two-step, rather than a one-step analysis. The legislative history of § 107(c) (1) (B) reveals that "[This provision] invalidate[s] as against the trustee * * * (2) [e]very statutory lien not perfected at the date of bankruptcy as against a *subsequent* bona fide purchaser * * *." 1966 U.S.Code Cong. & Admin.News,

1. An excellent discussion of this section may be found in King, Statutory Liens—1966 Amendment of Section 67 of the Bankruptcy Act, 55 Ky.L.J. 542, 550–554 (1967); *see also* 1966 U.S.Code Cong. & Admin.News, p. 2461 (S.Rep.No.1159, 89th Cong., 2d Sess.).

The wording of the 1966 Amendment has been the same, since it was first introduced as H.R. 7242 in 1958. The Senate report cited above is substantially similar to at least six prior committee reports issued since 1958.

p. 2461. (Emphasis ours.) This suggests to us that the date of bankruptcy must be viewed as the date as of which one inquires not who has possession but whether the lien is so perfected that, in the absence of bankruptcy, a subsequent bona fide purchaser would acquire no rights to the goods. In this case the lien did indeed exist on the date of bankruptcy, *i. e.*, there had been no transfer to a bona fide purchaser. This, however, is only the first step. The second one is to ascertain whether that lien is strong enough to prevent a subsequent bona fide purchaser from taking.

To answer this question, the creditors rely on *Trahan, supra,* a case also cited by the district court. Louisiana cases are relevant because Louisiana provides for a seller's lien similar to Puerto Rico's Art. 1822 lien. *See* La.Civ.Code art. 3227. In both jurisdictions a bona fide purchaser from the debtor must take possession of the goods in order to cut off the seller's lien.[2] Under § 107(c) (1) (B) the validity of the seller's lien against a trustee turns on whether that lien would be good against one acquiring the rights of a bona fide purchaser on the date of bankruptcy. *Trahan* rests on the statement that "Section [107(c) (1) (B) ] does not require the assumption that [the] 'bona fide purchaser' be in possession of the thing sold which is subject to the vendor's privilege." 283 F.Supp. at 626. Under this assumption, since the Art. 1822 seller's lien would be valid against a bona fide purchaser not in possession, it would also be valid against a trustee in bankruptcy. But the bankrupt argues that we should make the opposite assumption, namely, that the statutory hypothetical bona fide purchaser used to test the power of the seller's lien does take possession of the goods on the date of bankruptcy.

In order to see which assumption is the better one, we must first explore the policy behind § 107(c) (1) (B). This subsection sets up a "bona fide purchaser" test to measure the power of statutory liens created by state law.

"The theory here is that any statutory lien which will not withstand the claim of a bona fide purchaser should not stand against a bankruptcy trustee. While the trustee is not given the actual status of a bona fide purchaser, the effect is the same." Stageman, Section 67c Primer, 73 Com.L.J. 237, 240 (1968) (footnote omitted); *accord,* Kennedy, The Bankruptcy Amendments of 1966, 1 Ga.L.Rev. 149, 154 (1967).

In discussing § 107(c) (1) (B), Congress has said:

"* * * [This] provision strikes at a lien which is so tenuous that it can be defeated by transfer to a bona fide purchaser. The holders of such liens have reason to know that their security is extremely vulnerable. It would seem that if, apart from bankruptcy, a lien is not good against a bona fide purchaser, then it should not be valid against the trustee. However, it should be noted that under the proviso to the new section [107(c) (1) (B)] * * * a lien that is valid against the creditors described in section [110c] (and therefore against the trustee) may thereafter be perfected against bona fide purchasers and therefore against the trustee by filing notice with the bankruptcy court."[3]

---

2. In Louisiana, failure by the purchaser to take possession can afford the lienor the opportunity to seize the property in the interim. *See Traham, supra,* 283 F. Supp. at 626 & n. 8. The Puerto Rico Supreme Court has held that even a creditor on a simple debt may attach and win against the purchaser if delivery has not been effectuated. Capó v. San-

tiago A. Panzardi & Co., 44 P.R.R. 225, 227–228 (1932).

3. The language in the last sentence is somewhat misleading. There is no doubt that the seller's lien is valid against § 110c creditors, and hence it is not invalid against the trustee under § 110c. Section 110c validity, however, does not validate the lien against a § 107(c) (1) (B) bona

1966 U.S.Code Cong. & Admin.News, p. 2461.

An Art. 1822 lien must therefore be tested to see whether it "is so tenuous that it can be defeated by transfer to a bona fide purchaser." [4] In this context, the *Trahan* court's assumption that the hypothetical bona fide purchaser has not taken possession of the goods does not seem to square with the language of § 107(c) (1) (B), which speaks of "one acquiring *the rights* of a bona fide purchaser." (Emphasis added.) Under Puerto Rico law, a purchaser who has not taken possession has only the right of forcing the vendor to complete the sale or of recovering damages. 31 L.P.R.A. § 3747. He has no rights even against an attaching creditor. Capó v. Santiago A. Panzardi & Co., *supra*. Ownership is in the seller, not the buyer, *before* delivery.[5] Varcárcel v. Sancho, 61 P.R.R. 207, 211 (1942) (undelivered goods taxed to seller). In our view, when Congress spoke of the "rights" of a hypothetical purchaser, it contemplated a full-blooded, not an anemic, purchaser.

### The Bona Fide Purchaser As Bona Fide Pledgee

We find additional support for our holding that a bona fide purchaser could defeat the lien in an analysis of that term, as used in the Bankruptcy Act. As noted in *Trahan, supra,* 283 F.Supp. at 626 n.9, the scope [6] of the term "bona fide purchaser" is defined as follows:

> " 'Bona-fide purchaser' shall include a bona-fide encumbrancer or pledgee and the transferee, immediate or mediate, of any of them." 11 U.S.C. § 1(5).

The purpose of § 1(5) is "to avoid the necessity of repeated mention of encumbrancers and pledgees and their transferees." H.R.Rep.No. 1047, 75th Cong., 1st Sess. 6 (1937); 1 Collier, Bankruptcy ¶ 1.05 (1970); *see* Weinstein, The Bankruptcy Act of *1938* 2 (1938). It follows that the "bona fide purchaser * * * whether or not such purchaser exists" need not be a *buyer* but could also be a *pledgee*. Since the purpose of § 107(c) (1) (B) is to measure the tenuousness of a lien, it follows that in order to be valid the lien must stand against hypothetical purchasers, encumbrancers and pledgees of the debtor. *Accord,* Comment, *supra,* 43 Tulane L. Rev. at 321. Using a pledgee as the test, one must conclude under either Louisiana[7] or Puerto Rico[8] law, that, since the pledge is superior to the seller's lien, the lien is therefore invalid in

---

fide purchaser. "The statute permits a lien to be perfected against bona fide purchasers after bankruptcy, but in order to qualify for such perfection, the lien must *at least* have been valid against judgment [§ 110c] creditors at the date of bankruptcy." In re Century Vault Co., 416 F.2d 1035, 1038, n. 10 (3d Cir. 1969). (Emphasis added.)

4. We note that, under 31 L.P.R.A. § 5192, "If the personal property, with regard to which the preference is allowed, has been *surreptitiously* removed, the creditor may claim it from the person who has the same. * * *" (Emphasis added.) Since the test is whether the taking is "surreptitious," we infer that the seller's lien in Puerto Rico may be defeated by one who has notice of the lien but who lawfully takes possession of the goods. This accords with Louisiana law, *see* note 8, *infra*.

5. But, as these creditors themselves concede, it seems that in Louisiana ownership passes to the buyer *before* delivery. *See also Trahan, supra,* 283 F.Supp. at 626 & n. 8; La.Civ.Code art. 1922.

6. Whether a given person is a bona fide purchaser (or encumbrancer, pledgee, or transferee) is defined by state law. *See* In re Chesterfield Developers, Inc., *supra,* 285 F.Supp. at 691.

7. The leading case of Pierson v. Carmouche, 146 La. 798, 84 So. 59 (1920), held that even a pledgee who knew that the pledgor had not paid the purchase price took ahead of the vendor, since possession had passed out of the vendee/pledgor. The pledge privilege depends on delivery, La.Civ.Code art. 3162, and to exercise the right of pledge, all requisites must be fulfilled. La.Civ.Code art. 3221. The *Trahan* court, 283 F.Supp. at 626 n. 9, noted the possibility that a pledgee could be a bona fide purchaser, but the court mistakenly relied on the fact that the debtor actually retained possession.

bankruptcy against the trustee unless saved by the § 107(c) (1) (B) provisos.

### Perfection Of Lien Against A Bona Fide Purchaser

As a bona fide purchaser can take ahead of the Art. 1822 seller's lien, it must be determined whether the creditors could save themselves by filing a notice with the district court, as they have done here by filing their application. Under the provisos of 11 U.S.C. § 107(c) (1) (B), where the lien is *required* to be perfected in order to be valid against a subsequent bona fide purchaser, or where the lien law *requires* seizure for perfection, the lienholder may complete the requirements of state law after bankruptcy or, in the case of seizure, file a notice with the court.

Puerto Rico law does provide for the judicial sequestration of property. 31 L.P.R.A. §§ 4711–4715. It would appear, however, that such sequestration would be seizure for the purpose of lien enforcement, not for perfection. *See* Aviation Investments, Inc. v. Cameron, 350 F.2d 959, 962 (5th Cir. 1965); In re Etherton, 88 F.Supp. 874, 877 (S.D.Cal. 1950). " 'Perfection' is a term of art and deals with the status of the secured party as against subsequent creditors and lienholders." General Motors Acceptance Corp. v. Whisnant, 387 F.2d 774, 777 (5th Cir. 1968); *see also* In re Seim Construction Co., 37 F.Supp. 855, 859 (D.Md.1941). The lien in the instant case is obviously perfected in the sense of being choate. United States v. City of New Britain, 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954). It is also perfected in the sense that it is valid as against an attaching judgment creditor. Heirs of Garriga, *supra,* 28 P.R.R. at 335; *compare* Oronoz & Co. v. Alvarez, 23 P.R.R. 497, 500 (1916) (attachment necessary for priority between

two judgment creditors). However, the "perfection" required in 11 U.S.C. § 107(c) (1) (B) may be different. Comment, *supra,* 43 Tulane L.Rev. at 322. As nothing in Art. 1822 provides for seizure or for filing in order to perfect against a bona fide purchaser, the vendor may prevent a bona fide purchaser from coming in only by sequestering the goods and commencing enforcement proceedings. The question then becomes whether such enforcement proceedings are the "perfection" for which Congress provided post-bankruptcy relief.

The problems inherent in these provisos are raised in March, *Triumph or Tragedy?* The Bankruptcy Act Amendments of 1966, 42 Wash.L.Rev. 681, 721–723 (1967). From his research, Professor Marsh criticizes the 1966 amendments to § 107(c) (1) (B) by pointing out that "a lien which cannot by any means be perfected as against a bona fide purchaser, not even by seizure of the property subject to the lien" is very rare indeed. If Professor Marsh is correct, very few statutory liens *would not* be perfectable after bankruptcy. A fortiorari this criticism would condemn the use of judicial seizure procedure to stand for § 107(c) (1̄) (B) perfection. It is obvious that *every* state lien must have some means of enforcement and that attachment to effectuate enforcement must prevent purchasers from buying. Therefore, to allow the use of a general procedural right of sequestration—or the enforcement of the lien—to act as "perfection" makes § 107(c) (1) (B) meaningless. Comment, *supra,* 43 Tulane L.Rev. at 323–325; *cf.* Marsh, *supra,* 42 Wash.L.Rev. at 72̄3. The solution is to limit the § 107(c) (1) (B) provisos to those state liens in which the laws creating them provide

---

8. Under 31 L.P.R.A. § 5021, "it is necessary, *in order to constitute the contract of a pledge,* that the pledge should be placed in possession of the creditor or of a third person by common consent." (Emphasis added.) Like the seller's lien, the pledge is a preferred credit. 31 L.P.R.A. § 5192(2). Finally, "Credits secured by a pledge exclude all others to the extent of the value of the thing given in pledge." 31 L.P.R.A. § 5211.

**194**

specifically for perfection against bona fide purchasers by recording, seizure, or other means of actual or constructive notice. This would deny validity in bankruptcy to liens which even the state did not intend to protect against bona fide purchasers. Since the Art. 1822 seller's lien by its own terms does not provide protection against bona fide purchasers, we hold that it is not perfectable after bankruptcy and therefore is not valid against the trustee.

Reversed and remanded for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING

### PER CURIAM.

The provisos to § 107(c) (1) (B) permit perfection against bona fide purchasers by filing a notice with the court *after* bankruptcy, but only when the state law *requires* a lien valid against the trustee as a § 110(c) creditor to be perfected by seizure of property. Where the state law has no requirement of perfection by seizure, there is no right to use the filing method to perfect after bankruptcy. The whole issue thus resolves itself to what Congress meant by the word "perfection." We have determined that, whatever perfection is, it is *not* a mere procedural right to sequester goods. Such judicial sequestration has its counterpart in most jurisdictions, *see, e. g.*, Me.Rev.Stat. tit. 14, § 4151 (1965); N.H.Rev.Stat. 511:26 (1955), and the general existence of such sequestration would make § 107(c) (1) (B) meaningless if it stood for perfection. While sequestration under 31 L.P.R.A. § 4711 has the effect of preventing conveyances to bona fide purchasers, that provision is limited to "property in litigation," proving that the purpose of such sequestration is one of enforcement of the lien rather than perfection of the lien against potential purchasers.

Petition for rehearing is denied.