FLETCHER, Circuit Judge:
We are asked to decide the status of appellee Humboldt County’s claim against the bankrupt, Donald Cummins, for certain delinquent personal property taxes. The bankruptcy court denied the county the status of a lien holder but held that a portion of the claim was entitled to priority under section 64 of the Bankruptcy Act, and that the balance should be treated as a general claim. On appeal, the district court disagreed and held that the county was a secured creditor by virtue of a statutory tax lien it had acquired through filing a certificate of tax delinquency with the Humboldt County Recorder.
We must decide, first, whether the county has a lien good against the trustee in bankruptcy. If the lien is unenforceable against the trustee, we must ascertain the extent to which the county’s claim is entitled to priority and whether the balance of the claim is allowable as a general claim.
This case was filed prior to the effective date of the Bankruptcy Reform Act of 1978, Pub.L.No.95-598, 92 Stat. 2549 (codified at 11 U.S.C. §§ 101, et seq. (Supp. Ill 1979)). We are therefore governed by the provisions of the Bankruptcy Act of 1898, 30 Stat. 544, as amended by the Act of June 22, 1938 (the Chandler Act), 52 Stat. 840. Section 67c(l)(B) of the Bankruptcy Act determines the enforceability of the county’s lien against the trustee in bankruptcy. The substance of this provision has been carried forward into sections 545(2) and 546(b) of the new Bankruptcy Code, 11 U.S.C. §§ 545(2), 546(b) (Supp. Ill 1979). Section 64a(4) of the Bankruptcy Act controls the priority of the county’s claim. The substance of this provision is carried forward into section 502(b)(4) of the new Code, 11 U.S.C. § 502(b)(4) (Supp. III 1979).
We find that the lien for unpaid taxes was invalid against the trustee under section 67c(l)(B) and that section 64a(4) limits the county’s claim and its priority to the value of the property against which the taxes were levied.
*1264 FACTS
For various years prior to the year of Cummins’ bankruptcy, Humboldt County assessed and levied personal property taxes totalling $2,050.41 on equipment owned by Cummins. When the taxes became delinquent, the county filed for record certificates of delinquency with the Humboldt County Recorder under procedures established by Cal.Rev. & Tax.Code § 2191.3 (West Supp. 1980) and § 2191.4 (West 1970). Pursuant to these statutes, the filing of the certificates created a lien on the bankrupt’s real and personal property located in Humboldt County.
Cummins filed for bankruptcy on December 18, 1976. The assets that passed to the trustee included a log yarder and firearms that were later sold for $250 and $192.50, respectively. Real property located in Los Angeles and Mendocino Counties also was part of the bankrupt estate sold by the trustee. The log yarder appears to be the only item in the estate upon which the county levied the personal property taxes in question. The log yarder and the firearms appear to be the only property in the county to which the lien could have attached prior to the date of bankruptcy filing.
DISCUSSION

A. Did the county have a lien good against the trustee?

Under section 67c(l)(B),[1] a statutory lien is invalid against the trustee in bankruptcy if,' at the date of bankruptcy, it is inferior to the rights of a bona fide purchaser (BFP). Section 67c(l)(B) contains the exception, however, that the lien may nonetheless be valid if it is good against a judgment lien creditor (under section 70(c)), and if state law permits the lien to be perfected against a BFP after bankruptcy has commenced. If the lien meets these tests, the lienor may perfect by taking the steps prescribed by state law. If state law allows perfection by seizure of the property, the lienor may perfect by filing a notice of the lien with the bankruptcy court in lieu of seizure. See generally 4 Collier on Bankruptcy, 1 67.281[2.2] at 422-31 (14th ed. 1978).
In California, any priority or status as lienor that taxing authorities enjoy is governed solely by statute. Smith v. Addiego, 54 Cal.App.2d 230, 129 P.2d 953, 957 (1942). A taxing authority may obtain a lien for unpaid personal property taxes by filing a certificate with the county recorder of any county. Cal.Rev. & Tax.Code § 2191.3 (West Supp.1980). The effect of filing the certificate is as follows:
From the time of filing the certificate for record pursuant to Section 2191.3, the amount required to be paid together with interest and penalty constitutes a lien upon all personal and real property in the county, . . . except that the lien upon unsecured property shall not be valid against a purchaser for value or encum-brancer without actual knowledge of the lien when he acquires his interest in the *1265 property. The lien has the force, effect, and priority of a judgment lien ....
Cal.Rev. & Tax.Code § 2191.4 (West 1970).
A judgment lien is valid against a BFP.[2] If the tax debtor has real property in the county in which a certificate is filed, the taxing entity clearly obtains a lien on that property equivalent to a judgment lien. Such a lien is, accordingly, good against the trustee in bankruptcy. Section 2191.4 is ambiguous, however, about the nature of the lien acquired on personal property within the county. Although the section purports to give the equivalent of a judgment lien on personal property, the section contains the exception that the lien obtained upon “unsecured property” (i. e., personal property) is invalid against a BFP. This exception is in accord with California’s general scheme, in which personal property, though subject to levy and sale to satisfy a judgment, is not ordinarily subject to statutory liens or liens acquired by judicial process. See Cal.Civ.Proc.Code § 688 (West 1980); Cal.Civ.Code § 3057 (West 1974); Miller v. Bank of America, N.T. & S.A., 166 F.2d 415, 417-19 (9th Cir. 1948). Judgment liens do not attach to personal property in California.[3] In sum, the lien on personal property created by section 2191.4 is ineffective against a BFP, and therefore against the trustee in bankruptcy.
In this case, Cummins owned no realty in Humboldt County. Therefore, only the personal property aspect of section 2191.4 comes into play. Because the lien is expressly made invalid against a BFP, it is also invalid against the trustee under section 67c(l)(B). See Franchise Tax Bd. v. Danning (In re Perry), 487 F.2d 84, 85 (9th Cir. 1973), cert. denied, 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974).
The county concedes that its lien could not defeat a BFP on the date the bankruptcy was filed. The county contends, however, that it perfected its lien within the meaning of the two provisos to section 67c(l)(B) by filing a claim with the trustee. It argues that California law allows the lien to be perfected by seizure and therefore that the last proviso to 67c(l)(B) permits perfection by notice to the bankruptcy court.
This contention was rejected in In re J. R. Nieves & Co., 446 F.2d 188 (1st Cir. 1971), where creditors argued that although their liens were not enforceable against a BFP at the date of bankruptcy, judicial sequestration (or its equivalent under the second proviso to 67c(l)(B), filing notice with the bankruptcy court) after filing of bankruptcy was “perfection” within the meaning of the proviso to section 67c(l)(B). The court stated:
Puerto Rico law does provide for the judicial sequestration of property. It would appear, however, that such sequestration would be seizure for the purpose of lien enforcement, not for perfection. “Perfection” is a term of art and deals with the status of the secured party as against subsequent creditors and lienhold-ers ....
... It is obvious that every state lien must have some means of enforcement and that attachment to effectuate enforcement must prevent purchasers from buying. Therefore, to allow the use of a general procedural right of sequestration — or the enforcement of the lien — to act as “perfection” makes § 107(c)(1)(B) meaningless. The solution is to limit the § 107(c)(1)(B) provisos to those state liens in which the laws creating them provide specifically for perfection against bona fide purchasers by recording, seizure, or other means of actual or constructive no *1266 tice. This would deny validity in bankruptcy to liens which even the state did not intend to protect against bona fide purchasers.
446 F.2d at 193-94 (citations omitted).
The same distinction was drawn by this court in Franchise Tax Bd. v. Danning (In re Perry), 487 F.2d 84 (9th Cir. 1973), cert. denied, 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974). In Perry, a tax lien on personal property was acquired under another California tax lien statute which provided that, upon filing of a certificate of delinquency, the unpaid obligation “constitut[es] a lien upon all property of the taxpayer in the county .... The lien has the force, effect and priority of a judgment lien . . . . ” Cal.Rev. & Tax Code § 18882 (West 1970) (repealed 1977). The court held that the creditor could not perfect the lien under the provisos of section 67c(l)(B) by merely giving notice to the trustee. 487 F.2d at 89-90. The court followed the Nieves case in holding that under state law seizure was not required to perfect the lien, but rather was a means of enforcing the lien. We find Perry controlling. Because the lien could never be good against a BFP, it cannot be good against the trustee in bankruptcy. See Annot., Construction and Application of § 67c(l)(B) of Bankruptcy Act (11 U.S.C.S. § 107(c)(1)(B), Invalidating, Against Trustee in Bankruptcy, Statutory Liens not Perfected or Enforceable at Date of Bankruptcy Against One Acquiring Rights of Bona Fide Purchaser From Debtor, 21 A.L.R.Fed. 635 (1974). See also Marsh, Triumph or Tragedy? The Bankruptcy Act Amendments of 1966, 42 Wash.L.Rev. 681, 721-23 (1967); Comment, Statutory Liens Under Section 67c of the Bankruptcy Act: Some Problems of Definition, 43 Tul.L.Rev. 305, 322-25 (1969).[4]

B. To what extent is the county entitled to priority?

If a lien is invalid against the trustee under section 67c(l)(B), section 67c(2) directs that the underlying claim be tested for priority under section 64a(4). Section 64a(4) provides that nondischargeable tax claims enjoy a fourth priority, but sets forth the following limitation:
[N]o order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court ....
Former 11 U.S.C. § 104(a)(4) (1976). The reason for this limitation is:
Property which does not enter the bankrupt estate does not become a part of the estate and is of no value to the estate or to the creditors of the estate. The burden of paying taxes levied upon such property should fall upon the bankrupt or upon the purchasers who took the property subject to the taxes then due and owing; it should not fall upon creditors of the estate who have no interest in the property and who will not benefit from the payment of the tax claim.
In re Nussbaum, 257 F.Supp. 498, 501 (S.D. Tex.1966).
The trustee contends that the only asset against which taxes were assessed was the log yarder, which was sold for $250. The bankruptcy court gave the county priority for this amount, and for an additional *1267 $192.50 received from the sale of firearms. The record does not show whether the firearms were tax-exempt property. We assume that they were not, because the trustee failed to raise the issue below and is foreclosed from raising it now. Accordingly, we hold that the county is entitled to priority to the amount of $442.50.

C. May the county participate as a general creditor?

Whether the county should be accorded status as a general creditor for the balance of its claim is the principal remaining issue. The trustee argues that section 64a(4) limits not only the extent to which priority is given, but also limits the allowability of the county’s claim. According to Collier on Bankruptcy, “[t]he almost unanimous view has been that payment should be refused on any basis.” 3A Collier on Bankruptcy 164.406 at 2201 (14th ed. 1975). Accord, In re Nussbaum, 257 F.Supp. 498 (S.D. Tex.1966). We agree that section 64a(4) prevents the county from participating as a general creditor. The reason for the limitation, that it is unfair to require the estate to pay property taxes at the creditors’ expense in excess of the benefit the estate has received from the taxed property, applies whether the taxing entity is participating as a general creditor or as a creditor with a priority claim.
Although not conclusive on the issue before us, we think it persuasive that Congress has provided for the same result in section 502(b)(4) of the new Bankruptcy Code. 11 U.S.C. § 502(b)(4) (Supp. Ill 1979). In that section, the allowability of a claim for a tax assessed against property of the estate is limited to the value of the estate’s interest in the property.

D. Other Issues.

The county also contends that under the doctrine of invited error, the trustee cannot now attack a finding of the bankruptcy court to the effect that the county’s lien was valid, because the trustee had presented the finding. The argument is without merit. The issues were framed differently in the bankruptcy court, and in any event, the trustee appeals from the district court’s reversal, not the decision of the bankruptcy court. The county also argues that the actual court-approved sale price is an improper method of valuing property for purposes of the section 64a(4) limitation to “the value of the interest of the bankrupt estate therein as determined by the court ” (emphasis added). We think that the sale price is an accurate and acceptable means of establishing value. See 4B Collier on Bankruptcy II 70.98[10] at 1164 (14th ed. 1978).
The district court’s order is REVERSED, and the bankruptcy court’s judgment is AFFIRMED.

. Section 67c(l)(B) provides that:
(c)(1) The following liens shall be invalid against the trustee:
(B) every statutory lien which is not perfected or enforceable at the date of bankruptcy against one acquiring the rights of a bona fide purchaser from the debtor on that date, whether or not such purchaser exists: Provided, That where a statutory lien is not invalid at the date of bankruptcy against the trustee under subdivision (c) of section 110 of this title and is required by applicable lien law to be perfected in order to be valid against a subsequent bona fide purchaser, such a lien may nevertheless be valid under this subdivision if perfected within the time permitted by and in accordance with the requirement of such law: And provided further, That if applicable lien law requires a lien valid against the trustee under section 110(c) of this title to be perfected by the seizure of property, it shall instead be perfected as permitted by this subdivision by filing notice thereof with the court ....
Former 11 U.S.C. § 107(c)(1)(B) (1976).

. See Franchise Tax Bd. v. Danning (In re Perry), 487 F.2d 84 (9th Cir. 1973), cert. denied, 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974).

. In the California system, judgment liens are acquired by filing an abstract of judgment with any county recorder. This filing will result in the attachment and perfection of a lien against all real property owned by the debtor in that county. Cal.Civ.Proc.Code § 674 (West 1980). A judgment lien has no analogue that reaches personal property.

. The county contends that Poly Indus., Inc. v. Mozley, 362 F.2d 453 (9th Cir.), cert. denied, 385 U.S. 958, 87 S.Ct. 393, 17 L.Ed.2d 304 (1966), supports the proposition that it can perfect its tax lien after the date of filing of bankruptcy. The issue in Mozley was whether a tax debt was limited by section 64a(4) of the Bankruptcy Act, where the debt was secured by a lien that arose after the commencement of bankruptcy proceedings. The court held that the lien could be perfected after proceedings started, and that the priority limitation contained in section 64a(4) was inapplicable where the debt was secured by a tax lien. The case is not authority for the proposition that Humboldt County may perfect its lien after bankruptcy is filed, because it arose prior to the 1966 Amendments which created section 67c(l)(B). That section expressly provides for the perfection of such liens after bankruptcy.