In the Matter of LIBRERIA ALMA MATER, INC., Debtor.

Bankruptcy No. 90–04357(SEK).

United States Bankruptcy Court, D. Puerto Rico.

Jan. 30, 1991.

Wallace Vázquez Sanabria, Hato Rey, P.R., for debtor.

O'Neill & Borges, Alfredo F. Ramírez Macdonald, Hato Rey, P.R., for Wadsworth, Inc.

### OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

The issue at bar is whether the Court should approve the compromise settlement as requested by Wadsworth, Inc. ("Wadsworth").[1] For the reasons stated herein, we do not approve the compromise settlement.

The record of this case shows that on August 30, 1990, Wadsworth filed Section 546(b) Notice in Lieu of Seizure to Perfect Vendor's Lien (docket entry 4).[2] Debtor filed a Motion for Dismissal and Reply to Wadsworth's Notice (docket entry 12). Wadsworth opposed Debtor's Motion to Dismiss (docket entry 14), and further supplemented its position by a brief filed on November 20, 1990 (docket entry 20).

According to Wadsworth's brief, the Vendor's lien recognized in 31 Laws of P.R.Ann. Section 5192(1) cannot be perfected after bankruptcy because of the ruling in the case of *In re J.R. Nieves & Co.*, 446 F.2d 188 (1st Cir.1971).

Notwithstanding the above, Debtor and Wadsworth would have this Court approve a compromise-settlement of their dispute filed on November 12, 1990, which in its paragraph 2 reads as follows:

"Debtor recognizes and accepts the existence of a Vendor's lien in favor of Ven-

---

1. Bankruptcy Rule 9019.

2. With this Section 546(b) Notice, Wadsworth attempts to perfect post petition its Vendor's lien by a "Notice in Lieu of Seizure".

dor in the amount of $5,000.00 for goods that Vendor made available to Debtor and were in Debtor's possession at the time of the bankruptcy filing and at the time the Vendor filed its Section 546(b) notice on August 30, 1990."

Furthermore, the parties would have the Court approve the return of $5,000.00 worth of books which are part of Debtor's inventory in satisfaction of Wadswoth's purported Vendor's lien.

We note that the Bankruptcy Court "... in approving a compromise in reorganization proceedings does not play the same role as a court approving compromise between individual litigants. Bankruptcy proceedings, by definition, coerce the bankrupt's creditors into a compromise of their reorganization for their protection, and the supervising court must play a quasi-inquisitorial role, ensuring that all aspects of the reorganization are 'fair and equitable'." [cit. omitted].[3]

We hold the compromise-settlement is neither fair nor equitable in this case because (A) the debtor in possession recognizes a lien which very existence is questionnable, and (B) furthermore agrees ,to satisfy that purported lien in a manner which may alter the scheme payments set forth in the Code.

A. *Existence of a vendor's or seller's lien is questionnable.*

The existence of a statutory vendor's lien under 31 Laws of P.R.Ann. Section 5192(1), Art. 1822 of P.R.Civil Code, was not established by the Court of Appeals for the First Circuit in the case of *In Re J.R. Nieves & Co.*[4] The Trustee had held the position

that this Article of the Civil Code of P.R. gave rise only to a rule of priority of payment and not a statutory seller's lien. The U.S. District Court for the District of Puerto Rico did not agree. It held that Art. 1822 established a statutory lien under the Bankruptcy Act and was valid against the trustee under Section 107(c)(1) of the Bankruptcy Act. The Circuit Court circumvented the question of whether Article 1822 established a statutory seller's lien by stating: *"We assume for purposes of this opinion, but do not decide, that the district court was correct in its conclusion that an Article 1822 seller's lien is a statutory lien within the meaning of the Bankruptcy Act."* (our emphasis)[5]

Once the Circuit Court assumed the existence of the statutory vendor's lien under the laws of P.R. within the meaning of the Bankruptcy Act, it went on in the *Nieves* case to explore whether it could be enforced against a trustee. The Court of Appeals for the First Circuit identified the sole issue on appeal as "whether under Article 1822 [31 Laws of P.R.Ann. Section 5192], ... creditors are entitled to assert a seller's lien which is protected in bankruptcy."[6] It placed the trustee in the shoes of a bona fide purchaser,[7] to determine whether the lien would be enforceable against him. It also spoke to the issue of post petition perfection allowed by the Act.[8] The Court then concluded that, "Since the Article 1822 seller's lien by its own terms does not provide protection against bona fide purchasers, *we hold that it is not perfectable after bankruptcy and therefore is not valid against the Trustee."*[9]

---

3. *Matter of Boston and Providence Railroad Corp.*, 673 F.2d 11, 12 (1st Cir.1982).

The decision whether to approve an application to compromise a claim by or against the estate falls within the sound discretion of the Bankruptcy Court. *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bkrtcy.R.I.1986); *Matter of AWECO, Inc.*, 725 F.2d 293 (5th Cir., 1984).

The approval of a compromise in a bankruptcy matter is subject to review by an appellate court only for abuse of discretion. *In re Teltronics Services, Inc.*, 46 B.R. 426 (D.C.E.D. N.Y., 1984), aff'd, 762 F.2d 185 (2nd Cir., 1985); *In re Continental Investment Corp.*, 637 F.2d 8 (1st Cir., 1980); *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir., 1987).

4. 446 F.2d 188 (1st Cir.1971).

5. *Nieves*, p. 190.

6. *Nieves*, p. 189.

7. See 11 U.S.C. § 545(2).

8. See 11 U.S.C. Section 546(b).

9. *Nieves*, p. 194.

**700**

Hence, it would seem that even if Wadsworth's lien were recognized, it may not be valid against the debtor in possession in this case. Approval by the Court of a paragraph which recognizes the validity and enforceability of the seller's lien might be contrary to law.

B. *The compromise agrees to satisfy a purported lien in a manner which may alter the scheme payments set forth in the Code.*

11 U.S.C. Section 1122 sets forth the matters which must be included in a Chapter 11 plan. 11 U.S.C. Section 1129 states the Court shall confirm a plan only if all the provisions of this Section are met. At this point, Debtor has not filed a plan which would show how it intends to treat or pay its various classes of creditors. The compromise settlement is also silent in this regard. Hence, when debtor in possession recognizes Wadsworth's claim as a valid secured vendor's lien, and provides for its payment, it may be affording this creditor a preferred treatment not authorized by the cited Section of the Code.[10] The compromise settlement as it now stands may also cause the debtor to pay its unsecured creditors, as of the effective date of the plan, an amount which is less than the amount they would receive if the Debtor were liquidated under chapter 7 of the Code.[11]

The settling parties must adduce facts in sufficient details to provide the bankruptcy court with an adequate record to approve the settlement.[12]

When the record omits key relevant facts, the Bankruptcy Court is precluded from determining whether the settlement falls within the lowest bounds of reasonableness. The record of this case reveals gaping holes in the background information, and the parties to the settlement have not met their burden of providing the Court with sufficient facts sorted out in a reasonable fashion to permit an adequate analysis of whether the agreement is in the best interest of all creditors.[13]

10. See 11 U.S.C. § 1123(a)(4).

11. See 11 U.S.C. § 1129(a)(7).

12. *In re Greenacre,* 103 B.R. 1 (Bkrtcy.Me., 1989); *In re Hallet,* 33 B.R. 564 (Bkrtcy.Me., 1983).

13. *In re Lion Capital Group,* 49 B.R. 163 (Bkrtcy. S.D.N.Y., 1985).