McKAY v. TRUSCO FINANCE CO., OF
MONTGOMERY, ALABAMA.

No. 13753.

United States Court of Appeals
Fifth Circuit.

July 21, 1952.

Donald McKay, Montgomery, Ala., for appellant.

R. Luther Ingalls, Montgomery, Ala., for appellee.

Before HOLMES, RUSSELL[b] and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment holding the rights of a vendee of an automobile under a so-called conditional sales contract to be superior to those of the trustee in bankruptcy.

On March 1, 1951, Jean Curtright d/b/a "Jeans" filed a petition praying that she be adjudged a debtor under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The District Judge decided that the plan submitted was not feasible and on March 7, 1951, an order of adjudication in bankruptcy was made and entered. There-

after on March 13, 1951, the bankrupt surrendered the automobile in question to Trusco Finance Company, the appellee. That Company promptly filed a petition praying that it be allowed to retain possession of the automobile.

On the hearing of that petition, the evidence disclosed the facts to be that on February 7, 1951, the bankrupt purchased from Tom Barnes Lincoln-Mercury Company of Montgomery, Alabama, the Ford automobile in question for $1,595 with a down payment of $535.00, the balance together with certain carrying charges being secured by a contract entitled "Conditional Sales Contract" with the first payment due on March 16, 1951, prior to which date the adjudication in bankruptcy was made and entered. The contract in question was not filed for record in the Office of the Judge of Probate of Pike County, Alabama, in which county the bankrupt resided. In fact, the contract bore a notation at its head "not to be recorded".

The referee in bankruptcy first decided that "the title to said automobile vested in the receiver-trustee on March 1, 1951 and is subject to administration for the benefit of all creditors" and, on petition for review, that order of the referee in bankruptcy was affirmed by the District Court. Thereafter under an order of the court, the automobile was sold by the trustee in bankruptcy for the sum of $1,360.

The Trusco Finance Company filed another petition praying that the amount unpaid on its contract be allowed as a prior or privileged claim against the proceeds of sale of said automobile. The referee in bankruptcy reversed his previous position and ordered that the sum of $1138.40 be allowed as such a secured and prior or privileged claim to be paid out of the proceeds of such sale. On petition for review such order of the referee was affirmed by the District Court and from that judgment this appeal is prosecuted. The District Judge did not indicate by any opinion the basis of his decision. However, in the appellant's brief it is stated without contradiction from the appellee that, "The Honorable District Judge was of the opinion that had the trustee been able to show said Judge an actual creditor, then, said Judge would have ruled that the contract was void as to the trustee."

The decision of this case depends partly upon lien and property rights to be determined in accordance with state laws and partly upon the effect of bankruptcy to be determined by federal law.

First, treating the contract as a true conditional sales contract, as it seems to have been considered by the District Court, we observe that such a contract, under the State law, unless properly recorded is "void against purchasers for a valuable consideration, mortgagees, landlords with liens, and judgment creditors without notice thereof." [1]

In speaking of "judgment creditors without notice" as used in another Alabama

---

1. Alabama Code of 1940, Title 47, Sec. 131, reading as follows: "Conditional sales, leases, etc., to be recorded.—All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition void against purchasers for a valuable consideration, mortgagees, landlords with liens and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered; and remains; and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed; and if any such property is brought into this state while subject to such condition, the contract of sale, lease, hire, or rent, must within three months thereafter be recorded in the county into which the

statute, providing for the recording of conveyances of real property, etc. Code of Alabama 1940, Title 47, Sec. 120, the Alabama Supreme Court has said, "It matters not so far as that statute is concerned when the debt was contracted. The controlling circumstance is that the judgment was rendered before the prior deed was recorded, and further that at the time that the judgment was rendered the plaintiff in it had no notice of the existence of the deed." W. T. Rawleigh Co. v. Barnette, 253 Ala. 433, 44 So.2d 585, 587.

■ The so-called "strong-arm clause" of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, now provides in pertinent part that "The trustee, as to all property of the bankrupt at the date of bankruptcy whether or not coming into possession or control of the court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists." By the plain wording of the section, the trustee's rights are not dependent upon the actual existence of any such creditor.[2]

■ In Alabama the rendition of an ordinary money judgment does not of itself confer a lien on the judgment creditor. As to personal property, even the issuance of a writ of execution on the judgment does not impose a lien, but "such writ is a lien upon the personal property of the defendant, subject to levy and sale from the time only that the writ is levied upon such personal property." Code of Alabama 1940, Title 7, Sec. 521.[3]

■ However, by other State statutes, it is provided that, "The owner of any judgment or decree rendered in any court of record of this state, or of the United States, held in this state, may file in the office of the judge of probate of any county of this state, a certificate of the clerk or register of the court by which the judgment or decree was rendered * * *"[4] and further that, "Every judgment or decree, a certificate of which has been filed as provided in the preceding section, shall be a lien in the county where filed, on all property of the defendant, which is subject to levy and sale under execution * * *."[5] In a recent well considered case by the Ninth Circuit Court of Appeals, Sampsell v. Straub, 194 F.2d 228, that Court reversed its previous holding in the same case, 189 F.2d 379, and held that a California judgment lien on a bankrupt's property, though perfected only by voluntary recordation, was a lien by legal or equitable proceedings within Sec. 70, sub. c of the Bankruptcy Act. We are in accord with that holding.[6] It follows that under Sec. 70, sub. c of the Bankruptcy Act, the trustee in this case was in the position of a judgment creditor with a lien as of the date of bankruptcy.

We do not mean to hold that under the Alabama statute providing for the recording of conditional sales, Code of Alabama 1940, Title 47, Sec. 131 "judgment creditors without notice thereof" must necessarily be judgment creditors with a lien.[7] The possession of such lien, however, cannot detract from the rights of judgment creditors under that statute, and since the trustee

---

property is brought and remains; but in counties having according to the last federal census, or according to any succeeding federal census, a population of more than eighty thousand inhabitants, such contracts of less than two hundred dollars in amount need not be filed for record as provided in this section."

2. Heath v. Helmick, 9 Cir., 173 F.2d 157; Robbins v. Bostian, 8 Cir., 135 F.2d 298; 4 Collier on Bankruptcy, 14th Edition, Sec. 70.50, page 1269.

3. The property subject to levy and sale under execution is specified by Code 1940, Title 7, Section 519, and includes

personal property of the defendant, except things in action.

4. Code of Alabama 1940, Title 7, Sec. 584.

5. Code of Alabama 1940, Title 7, Sec. 585.

6. For an able criticism of the earlier contrary holding, see 26 Journal of the National Association of Referees in Bankruptcy, pages 49 and 50, the April, 1952 issue.

7. See In re Dancy Hardware & Furniture Co., D.C., 198 F. 336.

was in the position of a judgment creditor with a lien and without notice of the prior unrecorded so-called conditional sales contract, it seems to us that under the "strong-arm clause", of the Bankruptcy Act, the rights of the trustee were superior to those of a vendee under a conditional sales contract.

Treating the contract as a true conditional sales contract, our opinion could end here. While the contract is so captioned, it is not at all clear that under the Alabama law it is actually a conditional sales contract. It provides that the title to the automobile shall not pass to the purchaser until the purchase money has been fully paid. It further provides, however, that upon default, the seller may retake possession of the property and may re-sell the property at public or private sale and from the proceeds of such sale, shall deduct all expenses for retaking, repairing and selling the property and apply the balance to the indebtedness due and pay any balance to the purchaser or person lawfully entitled thereto and that in case of deficiency, the purchaser shall pay the same with interest.

A contract with similar provisions was recently held by the Court of Appeals of Alabama not to come within the statute providing for the recording of conditional sales hereinbefore discussed, but rather within the statute providing for the recording of chattel mortgages. Code of Alabama 1940, Title 47, Sec. 123. Bern v. Rosen, Ala.App., 55 So.2d 361, 364; see also 47 Am.Jur., Sales, Sec. 870. That statute provides that chattel mortgages "are inoperative against creditors and purchasers without notice, until recorded".[8] So far as here pertinent the Alabama statute pro-

viding for the recording of conditional sales[9] protects "judgment creditors without notice thereof," while the statute providing for the recording of chattel mortgages[10] provides simply that they "are inoperative against creditors * * * without notice, until recorded".

As to the statute last mentioned, that providing for recording of chattel mortgages, the Alabama Supreme Court has held that " * * * creditors as used therein means 'subsequent and not existing creditors' at the time of the execution and delivery of the mortgage." Birmingham News Company v. Barron G. Collier, Inc., 212 Ala. 655, 103 So. 839, 841.[11] The opinion in that case continues, "This statute * * * does not apply to this judgment lien creditor (the claimant) of the mortgagor, because its judgment is based on a debt contracted by the mortgagor with it prior to the making of the mortgage to the plaintiff."

 Under the statute providing for the recording of chattel mortgages in Alabama, the relative priority of an unrecorded chattel mortgage and of a judgment lien depends upon whether the judgment is based on a debt contracted prior or subsequent to the execution of the chattel mortgage.

The Alabama Supreme Court has further held that, "A judgment speaks from its date, and is not evidence of the existence of the debt prior thereto. In the absence of all proof of the date when the debt was contracted, it must be considered as of the date of the judgment." Wiggins v. Stewart Brothers, 215 Ala. 9, 109 So. 101.

The record in this case does not disclose whether the debt due any creditor repre-

8. Code of Alabama 1940, Title 47, Sec. 123, reading as follows: "Conveyances of personalty securing debts, etc., when recorded; effect of failure.—Conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded, unless the property is brought into this state subject to such incumbrances, in which case three months are allowed for the registration of the conveyance; and if such property is removed to a different county from that in which the grantor resides, the

conveyance must be recorded in such county within three months from the removal, or it ceases to have effect after such three months against creditors or purchasers of the grantor without notice."

9. Code of Alabama 1940, Title 47, Sec. 131.

10. Code of Alabama 1940, Title 47, Sec. 123.

11. See also Ex parte Scharnagel, 223 Ala. 4, 136 So. 834, 835.

sented by the trustee was contracted between the date of the contract, February 7, 1951, and the date of bankruptcy, a little over three weeks later. It seems to us, however, that, under Section 70, sub. c of the Bankruptcy Act, the actual existence of such a subsequent creditor is immaterial. It is true that the rights, remedies and powers vested in the trustee by that section are so vested "as of the date of bankruptcy", and relate to the property of the bankrupt at that date. Nevertheless the trustee has the status "of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists." It may be that in the case of a belated recording prior to bankruptcy, the trustee would have to bring himself within the terms of Section 70, sub. e(1) of the Bankruptcy Act. See Collier on Bankruptcy, 14th Edition, Sec. 70.79, page 1406, especially Note 9. Also, Sec. 70.51, page 1272, Note 7, and the cases there cited. That question is not before us for here the contract was never recorded and possession was not delivered to the creditor until after bankruptcy. Under the facts of this case Section 70, sub. c is applicable.

The most favored creditor in Alabama would be one who had secured a judgment upon credit extended subsequent to the execution of the contract and had either caused execution to be levied upon the automobile or a certificate of the judgment to be recorded. Section 70, sub. c vests the trustee with all the rights, remedies and powers of such a creditor. Collier on Bankruptcy, 14th Edition, Sec. 70.53, page 1280, Note 10, and especially the case of Matter of Waynesboro Motor Co., D.C., Miss., 60 F.2d 668, 21 Am.Bankr.R., N.S., 449, there cited and quoted in Sec. 70.49; Cooper Grocery Co. v. Park, 5 Cir., 218 F. 42; In re Urban, 7 Cir., 136 F.2d 296, 298; In re Farmers' Cooperative Co., D.C., 202 F. 1008; In re Boston, D.C., 84 F.Supp., 594.

The trustee's rights being superior in either event, it is not necessary for us to decide the state law question of whether the contract is a conditional sale or a chattel mortgage.

Nothing that we have said is in conflict with the opinion in Commercial Credit Company v. Davidson, 5 Cir., 112 F.2d 54, relied on by the appellee. In that case it was held that the lien given the vendor of personal property by the Mississippi statute prevailed over the title of the trustee. There was no question of the effect of failing to record an instrument, and the opinion shows that the case was not within the purview of Section 70, sub. c of the Bankruptcy Act.

The judgment of the district court is Reversed.