AVIATION INVESTMENTS, INC., d/b/a Air International, Appellant,

v.

William L. CAMERON, Trustee of the Windjammer Corporation and also d/b/a Air Antilles and Air Lease Interternational, Bankrupt, Appellee.

No. 21663.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1965.

Rehearing Denied Nov. 10, 1965.

Arthur D. Deckelman, Walters, Moore & Costanzo, Miami, Fla., for appellant.

William M. Manker, Manker & Gale, Miami, Fla., for appellee.

Before JONES and WISDOM, Circuit Judges, and BREWSTER, District Judge.

JONES, Circuit Judge:

During March of 1963 Aviation Investments, Inc., herein called Aviation, performed repairs on an aircraft owned by Windjammer Corporation. The work was completed in May of 1963 and the aircraft was returned to Windjammer on May 30, 1963. After unsuccessful attempts to procure payment, Aviation brought an action in a Florida circuit court against Windjammer on June 20, 1963, and on the same day it caused an attachment to be issued against the aircraft. Windjammer was served with process on June 25, 1963, and its answer was due on July 15, 1963. On that date Windjammer filed a voluntary petition in bankruptcy. William L. Cameron became Trustee in Bankruptcy of Windjammer, hereinafter referred to as the bankrupt, and procured a stay of the state court action. Aviation filed an amended proof of claim in the bankruptcy proceedings asserting that the sum of

$7,790.42 of the indebtedness owing[1] was for work, labor, services and materials on the aircraft, that Aviation had a statutory lien against the aircraft under Florida Statutes §§ 85.07 and 85.12, F.S.A., and that by way of enforcement it had instituted an action at law and caused the aircraft to be attached within three months of the performance of the work on the aircraft.

The Trustee filed a petition with the Referee to require Aviation to establish the validity, priority and amount of its lien. The Referee entered an order holding that the claim of lien was null and void. The order discharged the aircraft from the attachment. The Referee found that Aviation knew or had reasonable cause to believe that the bankrupt was insolvent at the time of the attachment. The question as to the validity of the asserted lien was brought before the district court by a petition for review. The court entered its order affirming the Referee, and before us is an appeal of Aviation from the court's order.

Aviation asserts that it had a statutory lien under the laws of Florida which is recognized and protected under Section 67, sub. b of the Bankruptcy Act.[2] The Trustee takes the position that the lien of Aviation, if any it had, is nullified by Section 67, sub. a(1) of the Act.[3] The question here presented requires a determination as to whether the Florida statutes, as applied to the material facts, created a lien which survived the adjudication of bankruptcy.

The Florida statutes provide for labor liens upon engines, machines, apparatus, fixtures, implements and other property;[4] for labor or services for another upon the property of the latter upon which the labor or service is performed;[5] and for the manufacture, alteration or repair of any article or thing of value, upon such article or thing.[6] In Florida liens may be enforced by persons in privity with the owner by retention of possession for a period not exceeding three months,[7] by a suit in equity,[8] by an ordinary suit at law and the levy of an execution upon the property covered by the lien,[9] by a special statutory suit at law in which the complaint shall state the manner in which the lien arose, the

---

[1] The original proof of claim was in the amount of $8,681.97 and interest for goods, wares and merchandise sold and delivered, for work, labor and services performed, and for money advanced.

[2] "The provisions of section 96 of this title to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition initiating a proceeding under this title by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of the property, they shall instead be perfected by filing notice thereof with the court." 11 U.S.C.A. § 107, sub. b.

[3] "Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: Provided, however, that if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided." 11 U.S.C.A. § 107, sub. a.

[4] F.S.A. §§ 85.01, 85.07.

[5] F.S.A. § 85.09.

[6] F.S.A. § 85.12.

[7] F.S.A. § 86.02.

[8] F.S.A. § 86.03.

[9] F.S.A. § 86.04.

amount for which the lien is held, a description of the property and a prayer that the property be sold to satisfy the lien,[10] or by a summary proceeding.[11] Other statutory provisions [12] for enforcement proceedings are not here pertinent. Where there has been no record of a lien notice, a suit for enforcement must be brought within twelve months from the performance of the work or the furnishing of materials.[13]

■ Of critical significance to Aviation's claim of lien is the following section of the Florida lien statutes:

"There shall be no lien upon personal property as against purchasers and creditors without notice, unless the person claiming the lien be in possession of the property upon which the lien is claimed; in which case the lien as against creditors and purchasers without notice shall continue so long as the possession continues, but not for a period longer than three months after the performance of the labor or the furnishing of the material." F.S.A. § 85.25(2) (b).

It is the contention of Aviation that its lien is not dependent upon the retention of possession and that it is not required to take any legal action to enforce or preserve its lien within the three months period. It may be assumed that this is so.[14] It would not follow, however, that the lien was subsisting against the trustee in bankruptcy if he was in the position of a purchaser or creditor without notice, unless Aviation was in possession.[15] There was no such possession and there was no actual notice unless from the attachment. It is a general rule that liens which have been perfected under the state law prior to bankruptcy

are valid in bankruptcy, and those not so perfected are invalid as against the trustee in bankruptcy. 4 Collier on Bankruptcy, 14th Ed. 1424 et seq., Par. 70.51.

■ It seems unquestioned that when Aviation finished the work on the aircraft of Windjammer it was entitled to a statutory lien under the Florida statute for labor and services and that it could have maintained that lien by retaining possession for a three months period. During that period it might have pursued one of the statutory remedies for enforcement of the lien. It did not retain possession. It brought an action at law upon an open account and, ancillary to its action, caused the aircraft to be attached. This procedure was not pursuant to any of the methods provided by the Florida statutes for lien enforcement. The possession under the attachment was that of the officer making the levy. The possession of the officer may have been for the benefit of Aviation [16] but it was not the possession of Aviation. In any event, the lien possession of Aviation under F.S.A. § 85.25, supra, terminated when the aircraft was delivered to Windjammer [17] and any possession thereafter obtained would not have given validity to the lien as against creditors and purchasers for value without notice.

■ There is little need to dwell upon the question as to whether the bankruptcy trustee occupies the status of a creditor or purchaser without notice. Section 70, sub. a [18] of the Bankruptcy Act gives the trustee the title of the bankrupt, while Section 70, sub. c,[19] the so-called strong-arm clause gives the trustee the rights and powers of a creditor holding a lien by legal or equitable

10. F.S.A. § 86.05.
11. F.S.A. § 86.06.
12. F.S.A. § 86.08.
13. F.S.A. § 86.11.
14. Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51.
15. The principle of possession as constructive notice need not be considered.
16. Cf. 7 C.J.S. Attachment §§ 282–283, p. 470.
17. We need not decide whether the lien might also have terminated. See Huckleberry v. Davis Double Seal Jalousies, Inc., Fla.App., 117 So.2d 519, Fla., 120 So.2d 616.
18. 11 U.S.C.A. § 110 sub. a.
19. 11 U.S.C.A. § 110, sub. c.

proceedings. This places the trustee in the position of a creditor without notice under the Florida statute. Collier, Bankruptcy Manual 2d Ed., 994, § 70. See McKay v. Trusco Finance Co., 5th Cir. 1952, 198 F.2d 431.

The attachment taken out by Aviation was a lien as of the time the aircraft was seized under the court's writ. This was a new lien, not the statutory mechanics lien. It was within the four months period and during the insolvency of Windjammer and hence voidable under Section 67, sub. b, supra. It follows that the judgment of the district court was correct. It is

Affirmed.