EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court granted a summary judgment in a declaratory judgment action.
By their complaint, the Oellerichs sought an adjudication with respect to the rights and legal situation of the parties pertaining to a certificate of judgment filed by The Bank of Huntsville (the Bank) against Albert and Esther Wieland, who, within four months thereafter, bankrupted. They later conveyed their homestead, which was exempted from the administration of bankruptcy, to Huntsville Cabinet Works, who in turn conveyed the land to the Oellerichs. After the granting of the summary judgment favorable to the Oellerichs, the Bank appealed.
Since the parties do not contest the facts as stated in the briefs, we paraphrase those facts, for they are apparently accurate and adequate.
The Bank obtained a monetary judgment against the Wielands on August 25, 1971, and the next day it recorded a proper certificate of that judgment in the Probate Office of Madison County, where the land in question was situated. The Wielands filed a petition in bankruptcy on December 13, 1971, within four months after the rec-ordation of the certificate of judgment. The Bank filed its claim in the Wielands’ bankruptcy proceedings. In June 1972 a discharge in bankruptcy was issued. The land was set aside in bankruptcy to the Wielands as exempt homestead property. In June 1972 the Wielands deeded the property to Huntsville Cabinet Works and it conveyed it to the Oellerichs in 1973.
The Oellerichs paid to the Bank the judgment in full in 1980 to enable them to comply with a contract to convey the land to third parties. Thereafter, they filed the present action, contending that the Bank’s judgment lien was invalid as against this property since the certificate of judgment had been filed for record for less than four months before the Wielands were adjudicated to be bankrupts. The Bank contends that the filing for bankruptcy did not automatically void their judgment lien under § 67(a)(1) [11 U.S.C. § 107(a)(1)] of the prior bankruptcy act, which provided in pertinent part, as follows:
Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title or against such person shall be deemed null and void ....
11 U.S.C. § 107(a)(1) (1970).
A judgment lien obtained within four months of the bankruptcy of the debt- or is not automatically null and void. Fischer v. Pauline Oil & Gas Co., 309 U.S. *985 294, 60 S.Ct. 535, 84 L.Ed. 764 (1940); 9 Am.Jur.2d, Bankruptcy § 1022 (1963). However, if property is set apart through the bankruptcy proceedings to a bankrupt as exempt, the bankrupt, in other proceedings, may assert the invalidity of a judgment lien where the adjudication of bankruptcy occurred within four months of the effective date of the lien. Fischer v. Pauline Oil & Gas Co., supra; Chicago, Burlington & Quincy Railroad v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306 (1912).
We cannot comprehend any valid reason why, under the same circumstances, one claiming under such a bankrupt cannot have a judgment lien invalidated as to property exempted to the bankrupt if the lien was created within four months of the filing of the bankruptcy petition. Since the Fischer case, supra, states that those claiming under a trustee may avoid such a lien, one claiming under a bankrupt as to exempt property should have the same rights. While a claim of an exemption is a personal matter, the parties are in accord that the property was set aside as exempt to the Wielands by the referee in bankruptcy. Such exemption itself is not a present issue. The Oellerichs stepped into the bankrupts’ shoes and acquired the Wielands’ rights in the exempt property, including the same right which they had to assert, in subsequent proceedings, that the Bank’s judgment lien was violative of § 67(a)(1), supra, and, therefore, invalid. We deem such an assertion to be correct. The Bank’s judgment lien had no validity against this exempt property because the certificate of judgment was filed within less than four months of the bankruptcy.
While the provisions of the bankruptcy act were then somewhat different from § 67(a)(1), supra, much of the following language from Chicago, Burlington & Quincy Railroad v. Hall, supra, is still very relevant as to judicial liens and property exempt to a bankrupt:
On this question there is a difference of opinion, some state and Federal courts holding that the bankruptcy act was intended to protect the creditors’ trust fund, and not the bankrupt’s own property, and that therefore liens against the exempt property were not annulled even though obtained by legal proceedings within four months of filing the petition. Re Driggs, 171 Fed. 897; Re Durham, 104 Fed. 231. On the other hand, Re Tune, 115 Fed. 906; Re Forbes, 108 C. C. A. 191, 186 Fed. 79, holds that 67f annuls all such liens both as against the property which the trustee takes and that which may be set aside to the bankrupt as exempt.
This view, we think is supported both by the language of the section and the general policy of the act, which was intended not only to secure equality among creditors, but for the benefit of the debt- or in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like this present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the bankruptcy act to secure to the debtor.
Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four months’ period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor’s property.
 “The law of each state determines when, how, and on what a judgment becomes a lien.” 4 Collier on Bankruptcy ¶ 67.08, at 119 (14th ed. 1978). In Alabama a judgment lien normally does not attach to homestead property. Barber v. Beckett, 251 Ala. 569, 39 So.2d 17 (1949). No facts appear which remove this judgment lien from that general rule. The Bank’s recorded certificate of judgment did not impose a lien upon the subject property since it was exempted by the bankruptcy court to the Wielands.
If the parties are in dispute over the facts presented by the various instruments relating to the summary judgment, they do not argue their disagreement. There is no issue as to any material fact. Their controversy *986 is whether, as a matter of law, the summary judgment should have been granted or denied under the undisputed facts. For any of the forgoing principal legal reasons, the trial court correctly rendered the summary judgment against the Bank. We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.