In the Matter of MUNZENREIDER CORPORATION, Debtor.

Richard M. KAYE, Trustee, Plaintiff,

v.

James S. WILLIAMS, Jr., Defendant.

Bankruptcy No. 83–429.
Adv. No. 83–489.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 31, 1983.

Raymond C. Farfante, Jr., Straske, Farfante, Segall & Arcuri, P.A., Tampa, Fla., for plaintiff.

M. Jacqueline Allee, Holland & Knight, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Summary Judgment filed by Richard M. Kaye, Trustee of the Chapter 11 estate of the Munzenreider Corporation who seeks a determination as a matter of law that the "Security Agreement" executed on August 14, 1974 between the Debtor corporation and James S. Williams, Jr., the Defendant did not create a lien upon any assets of the Debtor corporation. In Count I of the Complaint, the Trustee alleges that the Security Agreement fails to describe the collateral with the particularity required by Chapter 679, Fla.Stat.; and in Count II, the Trustee alleges that the Defendant failed to timely refile the Financing Statement with the Secretary of State as required by Chapter 679.403, Fla.Stat., therefore, the security interest became unperfected by virtue of 679.403(2), Fla.Stat. and, in turn, invalid and unenforceable against the Trustee by virtue of 679.-301(1)(b).

The Defendant contends that (1) the "Security Agreement" which incorporates by reference, a "Purchase Agreement," "Note" and "Consulting/Noncompete Agreement," adequately describes the intended collateral; (2) all creditors dealing with the Debtor after May 20, 1976 were effectively noticed as to the existence of a security agreement; (3) the Debtor honored its obligation to the Defendant and acknowledged the Security Agreement for over nine (9) years; and (4) the trustee is estopped from challenging the validity of a Security Agreement which has been acknowledged and performed by the Debtor since August 14, 1976.

The parties stipulated that there are no material issues of fact and the facts relevant to the resolution of this controversy are as follows:

On August 14, 1974, the Debtor corporation executed a Security Agreement in conjunction with a Purchase Agreement, Promissory Note and a Consulting/Noncompete Agreement in conjunction with a sale by Williams of a furniture store owned and operated by Williams. On May 20, 1976, Williams filed a copy of the Security Agreement in lieu of a financing statement with the Secretary of State. On March 3, 1983, the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code and on March 10, 1983, Williams refiled the Security Agreement with the Secretary of State.

The Security Agreement executed by the Debtor provides in pertinent part as follows:

"2. *Creation of Security Agreement*

Debtor hereby grants to the secured party a secured interest in *all eight stores* that are operated as partnerships by J.S. Williams, Inc. and that are the underlying assets that are the subject matter of the purchase set forth in Exhibit A. In the event of default, the creditor shall have at his sole option the ability to choose which of the six stores out of the eight stores are to revert to Williams' ownership in full. In the event the stores are taken back under this provision, *the stores will have an inventory equal to the stores' inventory as of June 30, 1974,* and their current liabilities shall not be in default. The assets of the stores shall be of comparable net worth, adjusted for inflation as compared to the net worth as it was on June 30, 1974. (emphasis supplied)

The initial inquiry must be addressed to the legal sufficiency of the description of the collateral as set forth in the Security Agreement.

The security agreement is the contract between the parties; it specifies what the security interest is. Because of its different function, greater particularity is required in the security agreement than in the financing statement." *American Restaurant Supply Co. v. Wilson,* 371 So.2d 489 (Fla. 1st DCA 1979); *see also* Florida Code Comments, § 9–203 (1966). The description of the collateral is sufficient where the agreement covers *all* of a certain type of asset on less than all of a type of asset if those items which are encumbered are specified. *Jimani Corp. v. S.L.T. Warehouse Co.,* 409 So.2d 496 (Fla. 1st DCA 1982) citing *American Restaurant Supply Co., supra* at 490; *Barnett Bank of Pensacola v. Fletcher,* 290 So.2d 533 (Fla. 1st DCA 1974).

In the instant case, it is not possible to reasonably identify the collateral. While the security agreement provides that the "stores," which are to serve as collateral, shall have an inventory equal to the stores' inventory as of June 30, 1974, it is not reasonable to interpret this language as creating a security interest in *all* inventory contained in the stores while excluding a possible security interest in equipment or accounts receivable. The collateral is described as "stores," but fails to identify which "stores" are referred to and, of course, "stores" is not a readily identifiable concept and as such, the description is insufficient.

It is the opinion of this Court that the Trustee must prevail on this point as a matter of law. First, the description contained in the security agreement is insufficient to adequately identify the collateral; and even if the Court were to find the description sufficient so as to identify the collateral as "inventory" (the position urged by Williams), the security interest in inventory claimed by Williams was unperfected at the time of filing the Petition and, therefore, void as to either a Debtor-in-Possession or a Trustee for the following reasons:

Even assuming, but not admitting, that the description of the collateral is sufficient, the Trustee is still entitled to judgment as a matter of law. First, in order to perfect a security interest in inventory, a financing statement or a copy of the Security Agreement which complies with the requirements of § 679.402 Florida Statutes must be filed with the Secretary of State, *see* § 679.302 Fla.Stat. (1983). Under Florida law, a financing statement is effective for a period of five years only unless a continuation statement is filed prior to the lapse. *See,* § 679.403(2) Fla.Stat. (1983). Otherwise, upon the expiration of the five year period, a security interest in inventory becomes unperfected.

Although Williams filed the Security Agreement with the Secretary of State in 1976, the five year period expired approximately two years prior to the Debtor's petition for relief and was not refiled until seven days after the Debtor filed its petition in this Court. Thus, it is clear that on the date the Debtor filed its Petition for Relief, the security interest of Williams was already unperfected and as such ineffective and unenforceable against creditors, including a trustee in bankruptcy. 679.301(1)(b), Fla.Stat.

Williams also challenged the Trustee's right to challenge the validity of the security interest claimed by Williams. This challenge is based on the contention that (1) the Debtor honored its obligation created by the security agreement for over nine years; and (2) a trustee is estopped to challenge the validity of the security interest which has been acknowledged and performed by the Debtor since 1975. It needs no elaborate citation of authorities, decisional or text, in support of the proposition that the voiding power granted to the Trustee by § 544(a) of the Bankruptcy Code is the voiding power of an ideal judgment lien creditor without knowledge. It has been traditionally recognized under the pre-Code law that the Trustee had the status of an "ideal creditor, irreproachable and without notice, armed cap-a-pie with every right

and power which is conferred by the law of the state upon its most favored creditor, who has acquired a lien by legal or equitable proceeding. *Matter of Waynesboro Motor Co.,* 60 F.2d 668 (D.C.Miss.1932); *McKay v. Trusco Finance Co.,* 198 F.2d 431 (5th CA 1952). It is not surprising that the voiding power granted to the trustee by the pre-Code law, § 70(a) of the Act of 1898, was known as the "strong-arm clause." There is nothing in the corresponding provision of the Bankruptcy Code, § 544(a), which in any way dilutes or weakens the power of the trustee to void unperfected liens, liens which under the applicable local law would be defeated by a creditor who has acquired a lien by legal or equitable proceeding on the property of the debtor. Thus, it is clear that the conduct of the Debtor cannot operate as an estoppel against the Trustee.

This being the case, since there are no genuine issues of material facts and an unperfected security interest is unenforceable under local law, § 9–303 Fla.Stat., against the trustee, he is entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Richard M. Kaye, as Trustee of the Chapter 11 estate of the Munzenreider Corporation be, and the same hereby is, granted. Judgment is entered in favor of the Plaintiff, Richard M. Kaye and against the Defendant, James S. Williams, Jr. and the security agreement executed on August 14, 1974 is not a lien upon any of the assets of the Debtor.