In re GRUBBS CONSTRUCTION
COMPANY and John Gary
Grubbs, Debtors.

Grubbs Construction Company,
Plaintiff,

v.

The Florida Department of
Revenue, Defendant.

Bankruptcy Nos. 03–08573–
8W1, 03–08222–8W1.

Adversary No. 04–545.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 25, 2005.

Fred Rudzik, Esq., Tallahassee, FL, Gordon L. Kiester, Esq., Mango, FL, for Defendant.

David S. Jennis, Esq., Chad S. Bowen, Esq., Ryan S. Marsteller, Esq., Jennis & Bowen, P.L., Tampa, FL, for Plaintiff.

*MEMORANDUM DECISION AND OR-*
*DER GRANTING SUMMARY*
*JUDGMENT IN FAVOR OF THE*
*FLORIDA DEPARTMENT OF*
*REVENUE*

MICHAEL G. WILLIAMSON,
Bankruptcy Judge.

A state is deemed to have waived its sovereign immunity from a suit to avoid a fraudulent transfer in bankruptcy court by filing a proof of claim relating to the same transaction or occurrence giving rise to the estate's fraudulent transfer action against the state. In this case, The Florida Department of Revenue ("DOR") did in fact file such a claim. However, under Bank-ruptcy Code section 544(b)—which allows the trustee to avoid transfers that are voidable by an actual creditor existing as of the date of the bankruptcy petition— even if a waiver of sovereign immunity from the estate's avoidance action has oc-curred, a trustee or debtor-in-possession must still demonstrate the existence of an actual creditor as of the date of the peti-tion who could have brought an action against the state under the Florida Uni-form Fraudulent Transfer Act, chapter 726, Florida Statutes.

The plaintiff in this adversary proceed-ing cannot point to a single creditor exist-ing as of the date of the petition who could have brought this action in state court. This is because under Florida law, such an action is barred by state law sovereign immunity. Accordingly, the debtor-in-pos-session's action cannot be maintained un-der section 544(b).

*Procedural and Factual Background*

This adversary proceeding was initiated by the plaintiff, Grubbs Construction Com-pany ("Grubbs" or "Debtor"), seeking re-covery of certain alleged fraudulent trans-fers from DOR. The action under section 544(b) is brought by Grubbs asserting the rights of an existing creditor as of the date of the petition who could have brought an action under sections 726.105, 726.106, and 726.108 of the Florida Uniform Fraudulent Transfer Act.

The subject transfers were made by Grubbs in 2001 and total $352,688.36. They were paid by Grubbs on account of unpaid sales and use tax obligations owed by an affiliate of Grubbs, Wildcat Equip-ment, Inc. ("Wildcat"). DOR has filed multiple proofs of claim against Grubbs, including Claim No. 3 in the amount of $2,234,540.32 (the "Wildcat Claim"). Through the Wildcat Claim, DOR asserted liability against Grubbs for unpaid sales and use tax obligations arising out of the

business operations of Wildcat. Claim No. 3 was ultimately disallowed by the Court on the basis that the obligation owed by Wildcat is not an obligation of Grubbs.

The issue in this proceeding is virtually identical to the issue raised in the claims litigation resulting in the disallowance of DOR's claim. That is, if Grubbs is not liable to DOR on any of Wildcat's obligations, then Grubbs contends that it did not receive reasonably equivalent value in exchange for its payment of taxes owed by Wildcat. Accordingly, Grubbs argues, the transfer is voidable as constructively fraudulent under section 726.105, Florida Statutes.

### Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(H).

In its motion, DOR asserts that this action is barred by Eleventh Amendment sovereign immunity. Alternatively, it argues that even if the Eleventh Amendment does not bar the action, Grubbs cannot maintain this action under section 544 because any actual creditor would have been barred from bringing the action under state law sovereign immunity.

### A. Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. Amend. XI.

Section 106 of the Bankruptcy Code by its terms "abrogates" sovereign immunity with respect to a trustee's avoidance ac-

tions, including one under section 544. However, the Eleventh Circuit Court of Appeals recently joined "five of the six circuits that have considered the issue in holding that 11 U.S.C. § 106(a)'s purported abrogation of Eleventh Amendment immunity in bankruptcy proceedings, which is clear and specific, is nonetheless invalid." *In re Crow*, 394 F.3d 918, 921 (11th Cir.2004).

■ In response, the Debtor points out that in this case, DOR filed multiple proofs of claim against Grubbs—including a claim relating to Wildcat's sales and use taxes— and thus has voluntarily submitted itself to the jurisdiction of the Bankruptcy Court and waived the defense of sovereign immunity. *See, e.g. In re Burke*, 146 F.3d 1313, 1317 (11th Cir.1998)("[w]e conclude that in this case the state waived its sovereign immunity by filing a proof of claim in the debtor's bankruptcy proceedings"). *In re University Medical Center*, 973 F.2d 1065, 1086 (3rd Cir.1992); *In re 995 Fifth Ave. Assoc. L.P.*, 963 F.2d 503, 509 (2nd Cir. 1992), *cert. denied*, 506 U.S. 947, 113 S.Ct. 395, 121 L.Ed.2d 302 (1992); *In re Town & Country Home Nursing Services, Inc.*, 963 F.2d 1146, 1150 (9th Cir.1992).

■ In *Burke*, the Eleventh Circuit looked to the holding of the long-standing precedent of *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947) in which the Supreme Court held: "When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim." *Id.* at 573–74, 67 S.Ct. 467. Courts have generally viewed this waiver to apply to claims by the trustee that arise out of the same transactions and occurrences as the liability asserted by the governmental entity. *In re 995 Fifth Ave. Assoc., L.P.*, 963 F.2d at 503, 509.

To determine whether a claim against the state arises out of the "same transaction or occurrence" as the state's proof of claim, it is appropriate for a court to apply the "logical relationship" test used in connection with compulsory counterclaims. *In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir.2005)(*citing In re Lazar*, 237 F.3d 967, 978–79 (9th Cir.2001)). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992). *See also In re Burke*, 146 F.3d at 1318 (as the debtor's adversary proceeding involved the same taxes that state sought to recover through its proof of claim, an action for violation of discharge injunction and stay violation arose out of same transaction or occurrence as the proof of claim).

The primary issue in both the claims litigation and this adversary is whether or not Grubbs is indebted to the DOR with respect to sales and use taxes. It is therefore clear that the same operative facts serve as a basis for Grubbs' objection to the DOR claim and its fraudulent transfer action to recover money paid on behalf of its affiliate. Accordingly, the Court concludes that the claims asserted by the Debtor in this adversary proceeding arise out of the same transactions and occurrences as the liability asserted by DOR in the Wildcat Claim. As such, DOR has waived its right to assert Eleventh Amendment sovereign immunity with respect to the claims asserted by Grubbs herein.

## B. *Section 544*

Section 544(b) of the Bankruptcy Code looks to applicable nonbankruptcy law that would be available to an actual unsecured creditor of the debtor, authorizing the avoidance of "any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim. . . ." 11 U.S.C. § 544(b). "Under section 544(b), the trustee succeeds to the rights of an [allowed] unsecured creditor in existence at the commencement of the case who can avoid the transfer or obligation under applicable state or local law. If there are no creditors against whom the transfer is voidable under the applicable law, the trustee is powerless to act under section 544(b)." 5 Collier on Bankruptcy, ¶ 544.09, at 544–17 (15th ed. rev.1999).

In effect, the trustee acts as a representative of existing creditors. See Norton, Bankruptcy Practice and Procedure 2d, § 54:6, at 54–19. The existing rights of creditors are not lost upon the filing of the bankruptcy; rather, they are shifted to the trustee. In this respect, section 544(b) does not create a substantive right to avoid transfers. Instead, it merely creates a status and allows applicable nonbankruptcy law to determine the rights that accrue as a result of the created status. *Id. citing In re Fair*, 28 B.R. 160 (Bankr. M.D.Ala.1983) (under Code § 544(b) an unsecured creditor must have a right under state law to avoid transfer in order for trustee to obtain that right); *In re Hall*, 22 B.R. 942 (Bankr.M.D.Fla.1982). The substantive rights generated by the status are dependent on the rights of actual creditors possessing claims that are allowable in bankruptcy. *In re Marlar*, 267 F.3d 749, 754 (8th Cir.2001)(plain language of § 544(b) allows avoidance of a transfer if any unsecured creditor has the right to do so under state law). *See also In re Cybergenics Corp.*, 226 F.3d 237 (3d Cir.2000). That is, section 544 "contains no original substantive provisions to determine when a prepetition transfer is voidable, instead,

it incorporates and makes applicable non-bankruptcy law." *In re Le Café Crème, Ltd.*, 244 B.R. 221, 238 (Bankr.S.D.N.Y.2000)(quoting *SIPC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 311 (Bankr.S.D.N.Y.1999)("Section 544, however, contains no original substantive provisions to determine when a prepetition transfer is voidable; instead it incorporates and makes applicable non-bankruptcy law, which in the present case is the [New York Debtor and Creditor Law].")); *In re Anton Motors, Inc.*, 177 B.R. 58 (Bankr.D.Md.1995)(as a prerequisite to a viable 544 action it is required that an unsecured creditor could have avoided as a fraudulent conveyance debtor's payment to the state).

■ The only respect in which section 544(b) expands the dimensions of the rights assumed by the trustee is derived from the Supreme Court case of *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931). In that case, the Supreme Court held that the trustee's avoidance powers were not limited to the amount that could have been recovered by the actual creditor who had the right to avoid a fraudulent transfer. Simply stated, once it is established that there exists a single creditor holding an unsecured claim in any amount that could have asserted a fraudulent conveyance action, then there is no quantitative limit to the claim that may be asserted by the trustee standing in the shoes of and asserting the rights of that single creditor. See Norton's, § 54:6, at 54–22. Except for this one limited quantitative expansion of the creditor's avoidance rights, in all other respects, the trustee assumes only the rights under state law of an actual existing creditor.

■ The burden is, therefore, on the trustee to demonstrate the existence of an actual creditor with a cause of action against the state which is viable under state law. See *In re 9281 Shore Road Owners Corp.*, 187 B.R. 837 (E.D.N.Y. 1995). DOR argues that Grubbs has not met this burden because even if a waiver did occur by the filing of the proofs of claim, a cause of action does not exist under state law upon which an action under section 544 may be predicated. That is, even if DOR did waive sovereign immunity with respect to the estate's avoidance action under section 544, there must still be an actual creditor existing at the time of the filing of the chapter 11 case who could have brought this action. In this adversary proceeding, the cause of action asserted is one for recovery of a fraudulent transfer under section 726.105 and 726.106, Florida Statutes.

■ Under the common law of the State of Florida, "[t]he immunity of the State from suit is absolute and unqualified and the constitutional provision securing it is not to be so construed as to place the State within reach of the court's process." *Buck v. McLean*, 115 So.2d 764 (Fla. 1st DCA 1959). "It is well established that a State may not be sued absent its consent by a specific waiver of its cloak of sovereign immunity." *State Department of Transportation v. Gordon Brothers Concrete*, 339 So.2d 1156 (Fla. 2nd DCA 1976). Article X, Section 13 of the Constitution of the State of Florida contemplates that, in certain instances, the state may waive its sovereign immunity and states in pertinent part: "Provisions may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." However, the Florida Legislature is aware of and knows how to waive immunity as it did affirmatively in Florida Statute Section 768.28: "In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to

the extent specified in this act." Fla. Stat. § 768.28. Nowhere in the Florida Statutes does there exist an affirmative waiver of immunity as to a fraudulent transfer action under Chapter 726.

The Court, therefore, concludes that DOR is correct in its contention that there is no cause of action available under Florida law by which an unsecured creditor could have avoided the payment to the State of Florida. Accordingly, Grubbs, as debtor-in-possession, does not have the right to bring an action against DOR under section 544(b) as there is no creditor in existence that could have asserted such a claim in light of DOR's sovereign immunity under applicable state law (as opposed to Eleventh Amendment sovereign immunity).

Accordingly, it is

ORDERED:

1. The Motion for Partial Summary Judgment filed by Grubbs is granted on the issue of Eleventh Amendment sovereign immunity.

2. The Motion for Summary Judgment filed by The Florida Department of Revenue is granted on the basis that Grubbs may not maintain this action under section 544 for the reasons set forth above.

3. A separate judgment shall be entered by the Court finding for The Florida Department of Revenue with respect to the relief requested by Grubbs in the complaint and concluding this action in favor of The Florida Department of Revenue.

DONE and ORDERED in Tampa, Florida, on February 25, 2005.